UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA.

V.                                                                                          CR NO. 21-10022-IT

DEVON HAMILTON

### DEFENDANT'S SENTENCING MEMORANDUM
### and MOTION FOR DOWNWARD DEPARTURE

Pursuant to Title 18 U.S.C. § 3553(a) and Rule 32 of the Federal Rules of Criminal Procedure, the defendant Devon Hamilton, by and through his attorney of record, respectfully requests that the Court depart downward for the advisory guidelines pursuant to Section 4A1.3 and respectfully requests that the Court impose a sentence of time served, followed by 3 years of supervised release and restitution of $5,000.00, all of which comports with the government's recommendation and is more than sufficient to comply with the purpose and intent of the sentencing statute.

This case involves the defendant's activities in attempting to obtain money by the use of inauthentic financial instruments. He was successful at realizing a gain of $5,000 through his scheme.

The advisory guideline range calculated by Probation is 18-24 months, based on an offense level of 13 and a criminal history category of II. The PSR calculation however significancy over-represents the defendant's criminal history or the likelihood that the defendant will commit further crimes. See § 4A1.3.  As noted in the PSR, Mr. Hamilton had his first encounter with the justice

system at age 18. He began abusing marijuana at 16 and rapidly escalated to daily use to the time of his arrest.

Hamilton's two entries on his criminal history are a firearms charge and a threats charge. Each was continued without a finding and ultimately dismissed. PSR §§50-55.

A mechanical application of the advisory Guidelines in this case significantly exaggerates the significance of Mr. Hamilton's criminal history. For these reasons, Mr. Hamilton respectfully requests the Court to grant the Motion for Downward Departure in this case.

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) requires courts to consider not only the recommended guideline range, but also the sentencing factors under 18 U.S.C. § 3553(a), in determining the appropriate sentence. The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in Section 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence, incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a) – it sets an independent limit on the sentence.

In determining the sentence sufficient but not greater than necessary to comply with the § 3553(a)(2) purposes of sentencing, the court must consider several factors listed in § 3553(a). These are: (1) the nature and circumstances of the offense and the history and characteristics of the

defendant; (2) the kinds of sentence available; (3) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guidelines range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(3), (a)(5)-(7). Neither the statute itself not *United States v. Booker* suggests that any one of these factors is to be given greater weight than any other factor.

    A.    *History of Characteristics of Mr. Hamilton and Nature of Offense*

As noted in the PSR, Mr. Hamilton had his first encounter with the justice system at age 18. He began abusing marijuana at 16 and rapidly escalated to daily use to the time of his arrest.

Mr. Hamilton's two entries on his criminal history are a firearms charge and a threats charge. Each was continued without a finding and ultimately dismissed. Mr. Hamilton, now a 22 year old man, who grew up in a poor neighborhood in Roxbury. PSR ¶ 60.

    B.    *The nature of the underlying offense*

The offense for which Mr. Hamilton stands to be sentenced involves his efforts to obtain money from a financial institution. No violence or threats of violence were part of the act, and no individuals suffered a financial loss.

    C.    *Pertinent Factors*

Mr. Hamilton is working two jobs, one as a personal care assistant and one at a cycle dealership where he cleans motor bikes and the showroom. PSR §§ 78-80. He is in a stable relationship and keeps in regular contact with his family. PSR § 69.

Mr. Hamilton was in federal custody for one month after his arrest. PSR § 1.

    D.    *Requested Sentence*

The defendant, with the agreement of the government, recommends and requests a sentence

of (1) Time served, (2) Three years of supervised release, (3) $200 special assessment, and (4) restitution in the amount of $5,000 to Quincy Credit Union.

                                        Devon Hamilton
                                        By his attorney,

                                        */s/ James J. Cipoletta*

                                        James Cipoletta
                                        MA Bar No. 084260
                                        385 Broadway - Suite 307
                                        Revere, MA 02151
                                        781.289.7777
                                        jim@cipoletta.com

August 16, 2021

## CERTIFICATION

I hereby certify that I have caused a true copy of this document to be served upon all counsel of record by electronic filing with the ECF system

                                        */S/ James J. Cipoletta*